Carl Edward Lyons, IV v. State

(comment: 1)

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-339-CR

CARL EDWARD LYONS, IV APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

OPINION

------------

I.  I
NTRODUCTION 

Pursuant to a plea bargain, Carl Edward Lyons, IV (“Lyons”) pled guilty to the offense of possession of a controlled substance (cocaine) of one gram or more but less than four grams.  The punishment was assessed by the trial court at five-years deferred adjudication.  In a single point, Lyons complains that the trial court abused its discretion in overruling his motion to suppress evidence because the magistrate who signed the warrant accompanied the officers in executing the warrant and did more than observe.  We affirm. 

II.  A
PPLICABLE
 L
AW

In regard to the search of a place, the United States Supreme Court has consistently favored the issuance of a warrant by a neutral and detached judicial officer as a more reliable safeguard against improper searches.  
See Lo-Ji Sales, Inc. v. New York
, 442 U.S. 319, 326, 99 S. Ct. 2319, 2324 (1979).  The failure of the magistrate who issued the search warrant to act as a neutral and detached officer may justify the suppression of the evidence seized pursuant to the warrant.  
See, e.g., id
. at 326-27, 99 S. Ct. at 2324-25.  While participation of the issuing magistrate in the actual search of the place designated in the search warrant may well be indicative of a failure on the issuing magistrate’s part to fulfill his or her duty to remain a neutral and detached judicial officer, the magistrate’s presence at the execution of the warrant will not necessarily justify or mandate suppression of the items seized pursuant to that warrant, depending upon whether the magistrate’s conduct is more akin to that of a mere observer, as opposed to that of an adjunct member or leader of the law enforcement authorities who requested the warrant.  
See, e.g., id.
; 
Bellamy v. State
, 742 S.W.2d 677 (Tex. Crim. App. 1987).     

When reviewing a trial court's denial of a motion to suppress, we apply an abuse of discretion standard, giving almost total deference to the trial court's determination of historical facts, but then review the trial court's application of the law de novo. 
 Johnson v. State
, 68 S.W.3d 644, 652-53 (Tex. Crim. App. 2002).  Also, the trial court alone judges the credibility of the witnesses and the weight to be given their testimony.  
See Villareal v. State
, 935 S.W.2d 134, 138 (Tex. Crim. App. 1996).  Consequently, “the appellate court must view the record evidence and all reasonable inferences therefrom in the light most favorable to the trial court’s ruling, and must sustain the trial court’s ruling if it is reasonably supported by the record.”  
Id
.

III.  E
VIDENCE
 P
RESENTED
 

At the hearing on Lyons’s motion to suppress, the magistrate who issued the warrant testified that on September 24, 2002, he met members of the Northeast Tarrant County Drug Task Force (the “Task Force”) at the combination police/fire station for the City of Watauga as a result of a phone call from members of the Task Force.  While the magistrate testified that he could not recall if the members identified any of the suspects of the investigation over the phone, the members did mention that cocaine was involved.  The magistrate stated that upon arriving at the station, he reviewed the arrest warrant and supporting affidavit, determined that the affidavit established probable cause, and issued the warrant authorizing the search of 6604 Memory Lane.

The magistrate admitted that after issuing the warrant, he was present during the Task Force’s pre-raid meeting and that Task Force members asked him if he would like to observe the raid.  The magistrate testified that he agreed to accompany the Task Force because he wanted not only
 to see whether the raid was conducted in a professional and appropriate manner, but also to see how the persons who were the subject of the raid were treated.  The magistrate testified that he followed the officers to 6604 Memory Lane in his own vehicle.

Once the caravan arrived, the magistrate remained in his vehicle while the Task Force members entered the residence.  According to the magistrate, he entered the residence only after one of the uniformed officers made a motion to indicate that the scene had been secured and after receiving assurances from a sergeant in the front yard that it would be appropriate for him to enter.  The magistrate testified that upon entering the residence, he noticed officers with suspects in the living room, observed officers searching a bedroom, and asked a couple of questions of one of the Task Force members before leaving.  He went on to testify that he did not direct the Task Force members, that he kept his hands in his pockets so as to touch nothing within the residence, and that he did not actually observe the seizure of any evidence.  While the magistrate could not be certain of the exact amount of time he was in the residence, he estimated that it was between two and three minutes and was certain it was no longer than five minutes.  

On the other hand, Lyons testified that the magistrate had been in the residence much longer than five minutes and that the magistrate had not left the residence by the time the Task Force members transferred him from the residence to the police car.  After Lyons testified and both sides presented their arguments, the trial court denied Lyons’s motion concluding that the magistrate’s presence may have been “improper,” but that the evidence that was presented at the hearing showed that the magistrate acted as a mere observer and not as a participant in the search.

On appeal, Lyons argues that the contradicting testimony regarding the time the magistrate spent in the residence produced “a question of whether the magistrate was acting as a participant or observer,” and that we “should reverse this cause because the magistrate did not act in a neutral manner regarding the [warrant] he signed.”  We disagree.

IV. 
Conclusion

At most, the evidence shows that the magistrate was present as an observer at the execution of the search warrant.  Moreover, regardless of the contradicting evidence regarding the time the magistrate stayed in the residence, there is no evidence that the magistrate was directing the search or was acting as an “adjunct law enforcement officer.” 
 Lo-Ji
 
Sales, 
442 U.S. at 326-27, 99 S. Ct. at 2324-25; 
Bellamy
, 742 S.W.2d 677.  
Therefore, the trial court did not abuse its discretion in overruling Lyons’s motion to suppress.  We overrule Lyons’s sole point and affirm the trial court’s judgment.  

BOB MCCOY

JUSTICE

PANEL F: LIVINGSTON, DAUPHINOT, and MCCOY, JJ.

LIVINGSTON, J. filed a concurring opinion.

PUBLISH

DELIVERED:  September 30, 2004

 

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-03-339-CR

CARL EDWARD LYONS, IV APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213TH DISTRICT COURT OF TARRANT COUNTY

------------

CONCURRING OPINION

------------

I join in the result the majority reaches.  I write separately only to state that since appellant’s sole point on appeal challenges the trial court’s denial of his motion to suppress, what happened after the warrant was approved has little significance.  His complaint is that the “magistrate did not act in a neutral manner regarding the search and arrest warrant he signed.”  Because the allegedly nonneutral act—the magistrate observing the raid and arrest—occurred 
after
 the magistrate had read and reviewed the affidavit and signed the warrant, there can be no meaningful challenge to his neutrality at the time he originally approved the warrant.  
See Lo-Ji Sales, Inc. v. New York
, 442 U.S. 319, 326-28 & n.6, 99 S. Ct. 2319, 2324-25 & n.6 (1979).  

Further, because the record does not show the trial court abused its discretion in overruling the motion to suppress, the trial court’s judgment should be affirmed.  
See Davis v. State
, No. 02-02-00149-CR, 2004 WL 1746893, at *6 (Tex. App.—Fort Worth, Aug. 5, 2004, no pet.) (op. on reh’g).

TERRIE LIVINGSTON

JUSTICE

PUBLISH

DELIVERED:  September 30, 2004

COMMENTS AND ANNOTATIONS
Comment 1:
Majority opinion by Justice McCoy

Concurring opinion by Justice Livingston